# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| OMAHA STEAKS INTERNATIONAL, INC., a Nebraska corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>FRONTIER CHOICE STEAKS, LLC, a Mississippi limited liability company, d/b/a OMAHA BEEF SUPPLYING FRONTIER STEAKS, CHAD DAVIS, an individual, and AKIN TERRELL, an individual,<br><br>　　　　Defendants. | No. C 13-4095-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING THE MOTIONS TO DISMISS BY DEFENDANTS DAVIS AND TERRELL** |

_____

This case is before me on the November 18, 2013, Motions To Dismiss (docket nos. 25 and 26) by *pro se* individual defendants Chad Davis and Akin Terrell. Plaintiff Omaha Steaks International filed a Resistance (docket no. 38) to both Motions on December 9, 2013.

In his Motion, Mr. Davis denies all of Omaha Steaks International's accusations and asserts that he has never conducted the business of selling any food products to anyone as an individual. He also appears to contend that it is "unethical" to proceed against him, because he believes that some of the information submitted to him (apparently, meaning information that forms the basis for Omaha Steaks International's claims) was likely biased and misleading, where there are indications that it was provided to Omaha Steaks International by his estranged wife, acting with malicious intent. He also appears to argue that he should not be held liable for the conduct of separate entities.

Mr. Terrell seeks dismissal of the claims against him, because he contends that he never sold steaks or any other food products as an individual and that he was only a co-owner and "silent partner" in defendant Frontier Choice Steaks, L.L.C. He also appears to request a change of venue to a more convenient venue in Mississippi, because he has never conducted business in Sioux City, Iowa.

I construe Mr. Davis's motion as a motion seeking dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. I construe Mr. Terrell's motion as a motion seeking dismissal for failure to state a claim pursuant to Rule 12(b)(6) and either seeking dismissal for improper venue pursuant to Rule 12(b)(3) or seeking a transfer of venue pursuant to 28 U.S.C. §§ 1406 or 1404.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). As the Eighth Circuit Court of Appeals recently explained,

> We review de novo the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *accord Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter*,

686 F.3d at 850); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (stating the same standards).

Courts consider "plausibility" under this *Twom-bal* standard[1] by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney*, 700 F.3d at 1128 (quoting *Iqbal*, 556 U.S. at 679). Also, courts must "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Id*. Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims." *Id.* at 1129. Thus,

> [w]hile this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *[Bell Atl. Corp.*

---

[1] The "*Twom-bal*" standard is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> *v.] Twombly*, 550 U.S. [544,] 555, 127 S.Ct. 1955 [(2007)]).

*Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Whitney*, 700 F.3d at 1128 (stating the same standards).

Various federal Circuit Courts of Appeals have expressly recognized that, in addition to dismissal for factual implausibility, the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory").

Restricting my review to the face of the Amended Complaint (docket no. 5),[2] I do not see, and the *pro se* defendants have not identified, any lack of sufficient factual

---

[2] In assessing "plausibility," as required under the *Twom-bal* standard, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)). A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n.3 (quoting

(Footnote continued . . .

allegations to make Omaha Steaks International's claims "plausible." *Richter*, 686 F.3d at 850. Nor has Mr. Davis identified any legal or "ethical" impediment to basing any factual allegations in a complaint on information obtained from an individual party's estranged spouse. *See, e.g., Somers*, 729 F.3d at 959. An allegation that information obtained from an estranged spouse might fall within a marital privilege might raise a fact-driven defense, but it does not establish the legal or factual insufficiency of the pleading of any claim. I also find that the Amended Complaint states sufficient facts to make individual liability of Mr. Davis and Mr. Terrell for the actions of Frontier Choice Steaks plausible. *Richter*, 686 F.3d at 850. Similarly, any challenge to individual shareholder liability for conduct of a business is likely a fact-driven defense, but does not establish the legal or factual insufficiency of the pleading of any claim of shareholder liability. To the extent that the *pro se* defendants seek dismissal pursuant to Rule 12(b)(6), their motions are denied.

As to what appears to be Mr. Terrell's challenge to venue pursuant to Rule 12(b)(3), although I may consider matters outside of the record, I must also accept as true all allegations in the complaint, at least where they are not contradicted by a defendant's affidavit, and resolve all conflicts in favor of the plaintiff. *See, e.g., Aggarao v. MOL Ship Mgmt., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012). Omaha Steaks International's allegations in its Amended Complaint, accepted as true, are sufficient to show that venue is proper in this district. Mr. Terrell has not identified any insufficiency of the pleadings to establish proper venue in this district under 28 U.S.C. § 1391, because the proper venue does not require that the conduct at issue took place

---

5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). I will restrict my review to the face of the Amended Complaint and documents attached to it to avoid any arguable need to convert the present motion to a motion for summary judgment.

in Sioux City, Iowa, but only that it occurred in this *judicial district*. Therefore, Mr. Terrell is not entitled to dismissal of the claims against him pursuant to Rule 12(b)(3) for improper venue.

Finally, because there has been no showing that this is an *improper* venue or the *wrong* district, there is no basis to transfer this case to another forum pursuant to 28 U.S.C. § 1406, nor has Mr. Terrell thus far demonstrated that this forum is so inconvenient that transfer to another district is warranted pursuant to 28 U.S.C. § 1404. *See, e.g., In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010).

THEREFORE, the November 18, 2013, Motions To Dismiss (docket nos. 25 and 26) by *pro se* individual defendants Chad Davis and Akin Terrell are both **denied in their entireties**.

**IT IS SO ORDERED**.

**DATED** this 7th day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA